T. Kennedy Helm, IV (SBN 282319)
HELM LAW OFFICE, PC
644 40th Street, Suite 305
Oakland, CA 94609
T: (510) 350-7517
F: (510) 350-7359
kennedy@helmlawoffice.com

*Attorney for Plaintiff*,
JASON DAVID BURKLEO

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON DAVID BURKLEO,<br><br>Plaintiff,<br><br>vs.<br><br>TOWN OF ATHERTON, a municipal corporation; Town of Atherton Police Officers JEFFREY P. TAYLOR, JOSHUA GATTO, JOSE YAMSUAN, and DOES 2–20, Individually,<br><br>Defendants. | Case No.: 4:22-cv-02509-JST (NC)<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

Plaintiff, JASON DAVID BURKLEO, by and through his attorney, HELM LAW OFFICE, PC, for his First Amended Complaint against Defendants, states as follows:

## JURISDICTION

1. This is a civil-rights action arising from Defendants' unreasonable seizure and use of excessive force against Plaintiff JASON DAVID BURKLEO on or about April 16, 2021, in the Town of Atherton, County of San Mateo, California. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a), to hear and decide claims arising under state law.

## INTRADISTRICT ASSIGNMENT TO SAN FRANCISCO OR OAKLAND DIVISION

2. A substantial part of the events and/or omissions complained of herein occurred in the Town of Atherton, in San Mateo County, California. Pursuant to Northern District of California Civil Local Rule 3-2(d), this action is properly assigned to either the San Francisco Division or the Oakland Division of the United States District Court for the Northern District of California.

## PARTIES AND PROCEDURE

3. Plaintiff JASON DAVID BURKLEO is a citizen of the United States, a competent adult, and a resident of the State of California. At the time of this incident, Plaintiff worked full-time as a security consultant for private clients in the vicinity of the Town of Atherton.

4. Defendant TOWN OF ATHERTON is a public entity, established by the laws and Constitution of the State of California, which owns, operates, manages, directs, and controls the Town of Atherton Police Department (APD), and is the employer of the individual TOWN Defendants, as well as DOE Defendants.

5. Defendant JEFFREY P. TAYLOR at all material times was employed as a law-enforcement officer by Defendant TOWN, and he was acting in the course and scope of that employment at all material times.

6. Defendant JOSHUA GATTO at all material times was employed as a law-enforcement

officer by Defendant TOWN, and he was acting in the course and scope of that employment at all material times.

7. Defendant JOSE YAMSUAN at all material times was employed as a law-enforcement officer by Defendant TOWN, and he was acting in the course and scope of that employment at all material times.

8. Despite Plaintiff's counsel's lawful request under the California Public Records Act for records—including for dash-camera video, body-camera video, and incident reports—Defendant TOWN has not provided Plaintiff's counsel with requested documents and information concerning this incident. As a result, the true names and capacities of Defendants sued herein as DOES 2–20 ("DOE Defendants") are unknown to Plaintiff, who therefore sues such Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to show their true names and capacities, when the same are ascertained.

9. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff.

10. Further, one or more of Defendants DOES 11–20 was at all material times responsible for the hiring, training, supervision, and discipline of Defendants TAYLOR, GATTO, YAMSUAN, and DOES 2–10.

11. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship.

12. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

13. At all material times, each Defendant was jointly engaged in tortious activity, and was an

integral participant in the events and violations of rights described herein, resulting in the deprivation of Plaintiff's constitutional rights and other harm.

14. The acts and omissions of Defendants TAYLOR, GATTO, YAMSUAN and DOES 2–20, as set forth herein, were at all material times pursuant to the actual customs, policies, practices, and procedures of the TOWN and/or the APD.

15. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the TOWN and the APD.

16. Plaintiff timely and properly filed a government-code claim, pursuant to California Government Code § 910 *et seq.*, and this action is timely filed within all applicable statutes of limitation.

17. This Complaint may be pleaded in the alternative, pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure.

## GENERAL ALLEGATIONS

18. Plaintiff re-alleges each and every paragraph in this Complaint, as though fully set forth here.

19. An Automatic License Plate Reader (ALPR) uses mounted cameras "to capture license plate numbers of passing vehicles and match the captured numbers against a database of wanted numbers." *Green v. City & Cty. of San Francisco*, 751 F.3d 1039, 1042 (9th Cir. 2014). The ALPR's software then compares the captured photo of the license plate to a database of possibly stolen vehicles, and in the case of a match, the ALPR will issue a "hit."

20. The TOWN's ALPR system consisted of a series of motion-activated cameras installed along roads throughout the TOWN, which photographed the license plates of passing vehicles and then compared them to a database of possibly stolen or wanted vehicles.

21. Since at least 2010, it has been well-known that ALPRs misread license-plate numbers or letters and generate false-positive hits. For this reason, before conducting any law-enforcement action based on an ALPR hit, generally accepted law-enforcement standards and training require officers to visually verify the license plate of the car they are following and

contemplating pulling over to ensure that the numbers and characters of the license plate match those of the license plate in the ALPR hit. For example, the August 2010 International Association of Chiefs of Police National Law Enforcement Policy Center's *License Plate Readers Model Policy* required that, after an ALPR hit, and "[p]rior to initiation of the stop," officers must "a. [v]isually verify that the vehicle plate number matches the plate number run by the LPR system." *Green*, 751 F.3d at 1055 n. 2.

22. In contravention of this law-enforcement standard, TOWN and APD policy does not explicitly require officers to visually confirm that the license plate of the car in front of them is the same as an ALPR hit, in contravention of generally-accepted law-enforcement standards, and with deliberate indifference to the rights of the public.

23. On April 16, 2021, at about 5:30 a.m., the TOWN's ALPR took a photo of the front license plate of Plaintiff BURKLEO's car. The front license plate of Mr. BURKLEO's vehicle, 5HCH340, was obscured by some dirt from Plaintiff BURKLEO's frequent employment-related driving from Mt. Shasta, his home, to the vicinity of the Town of Atherton, where Plaintiff BURKLEO performed security work for private clients. The TOWN's ALPR misread the dirt in the "H"s of the license plate as "M's," and so misread 5HCH240 (Plaintiff BURKLEO's license plate) as 5MCMH240. The TOWN's ALPR did not capture Plaintiff BURKLEO's clean and unobstructed rear license plate, also 5HCH340. The TOWN's ALPR then found that the license plate number 5MCM340 belonged to a possibly stolen vehicle, and issued an ALPR hit. The TOWN's ALPR provided the hit and guidance information to enable Defendants TAYLOR, GATTO, YAMSUAN, and DOES 2–10 to follow Plaintiff BURKLEO's car.

24. Defendant Officers TAYLOR, GATTO, YAMSUAN and DOES 2–10 followed Plaintiff BURKLEO's car for several minutes. Contrary to both generally-accepted law-enforcement standards and clearly established law, at no time preceding the stop did Defendant Officers TAYLOR, GATTO, YAMSUAN, or DOES 2–10 visually verify the unobstructed and clean rear license plate of Plaintiff BURKLEO's car to determine whether the rear license plate

number matched that of the ALPR hit. If Defendant TAYLOR, GATTO, YAMSUAN and/or DOES 2–10 had done so, they would have seen that Plaintiff BURKLEO's rear license plate in front of them read 5HCH340, not 5MCM340.

25. Instead, on information and belief pursuant to the "high-risk felony stop" procedure, Defendants APD Officers TAYLOR, GATTO, YAMSUAN and DOES 2–10 pulled Plaintiff BURKLEO over with lights; ordered Plaintiff BURKLEO, at gunpoint, to throw his keys out the car window, to get out of the car, and then to lie down on his stomach in the road for handcuffing. Defendants TAYLOR, GATTO, YAMSUAN and/or DOES 2–10 placed Plaintiff BURKLEO in one of their patrol vehicles. On information and belief, after about twenty minutes, Defendants TAYLOR, GATTO, YAMSUAN and DOES 2–10 actually read the rear license plate of Plaintiff BURKLEO's car, realized it did not match the ALPR hit, and let Plaintiff BURKEO go.

26. Acting as integral participants, each with fundamental involvement in the violations of Plaintiff BURKLEO's rights described herein, Defendants TAYLOR, GATTO, YAMSUAN and DOES 2–10 subjected Plaintiff BURKLEO to a wrongful seizure, use of excessive force, and arrest without probable cause.

27. At all material times, Plaintiff BURKLEO was wholly complaint and nonresistant for the entirety of the incident. At all times during Plaintiff BURKLEO's contact with Defendants, Plaintiff BURKLEO behaved peacefully and lawfully.

28. At all material times, Defendants' seizure of Plaintiff BURKLEO was wrongful and unlawful.

29. Alternatively, or concurrently, Defendants' own objectively unreasonable actions created the situation in which Defendants TAYLOR, GATTO, YAMSUAN and DOES 2–10 decided to unlawfully seize Plaintiff BURKLEO, to deprive him of his liberty, and to continue the deprivation of his liberty.

30. At all material times, and alternatively, the actions and omissions of each Defendant were intentional, wanton, and/or willful, conscience shocking, reckless, malicious, deliberately

indifferent to Plaintiff BURKLEO's rights, done with actual malice, recklessness, gross negligence, deliberate indifference, negligence, and/or were otherwise objectively unreasonable.

31. As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiff BURKLEO sustained the following injuries and damages, past and future, among others:

    a. Wrongful seizure and false imprisonment;

    b. Violations of Fourth Amendment rights;

    c. Emotional distress and loss of liberty;

    d. All legally cognizable special and general damages; and,

    e. All damages, costs, and attorneys' fees and penalties recoverable under 42 U.S.C. §§ 1983, 1988, California Civil Code §§ 52 and 52.1, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (42 U.S.C. §1983 – Fourth Amendment Violations)
### PLAINTIFF AGAINST DEFENDANTS TAYLOR, GATTO, YAMSUAN, and DOES 2–10

32. Plaintiff BURKLEO re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

33. By the actions and omissions described above, Defendants TAYLOR, GATTO, YAMSUAN and DOES 2–10, acting under color of state law in their individual capacities, and as integral participants, deprived Plaintiff BURKLEO of his civil rights by violating his rights under the Fourth Amendment to the U.S. Constitution. These deprivations include, but are not limited to:

    a. Violating Plaintiff's right to be free from an unreasonable investigatory detention without reasonable suspicion, as secured by the Fourth Amendment;

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL     7
*Burkleo v. Town of Atherton, et al.*
Case No. 4:22-cv-02509-JST (NC)

      b. Violating Plaintiff's right to be free from a de facto arrest without probable cause, as secured by the Fourth Amendment;

      c. Ignoring facts—including, but not limited to, the differing license plate numbers and vehicle descriptions of Plaintiff BURKLEO's vehicle and the ALPR hit—and ignoring or refusing to investigate, which would have dissipated any reasonable suspicion or probable cause;

      d. Continuing Plaintiff BURKLEO's seizure and de facto arrest without probable cause after any reasonable law-enforcement officer would have known that any arguable grounds for his continued seizure had dissipated, thus rendering it an unlawful and unreasonable seizure; and

      e. Subjecting Plaintiff BURKLEO to excessive force, in the form of gunpoints and handcuffing.

34. Defendants TAYLOR, GATTO, YAMSUAN and DOES 1–10 subjected Plaintiff BURKLEO to their wrongful conduct, depriving Plaintiff BURKLEO of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff BURKLEO would be violated by their acts and/or omissions.

35. The acts and/or omissions of Defendants TAYLOR, GATTO, YAMSUAN and DOES 1 10, as set forth herein, were the moving force behind, and proximately caused injuries and damages to Plaintiff BURKLEO as set forth at ¶ 31, above.

36. The conduct of Defendants TAYLOR, GATTO, YAMSUAN, and DOES 2–10 entitles Plaintiff BURKLEO to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California law. Plaintiff BURKLEO does not seek punitive damages against Defendant TOWN.

37. Plaintiff BURKLEO is also entitled to reasonable costs and attorneys' fees, under 42 U.S.C. § 1988 and applicable California codes and laws.

//

//

//

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL    8
*Burkleo v. Town of Atherton, et al.*
Case No. 4:22-cv-02509-JST (NC)

## SECOND CAUSE OF ACTION
## (42 U.S.C. § 1983 Municipal Liability)
## PLAINTIFF AGAINST DEFENDANT TOWN

38. Plaintiff BURKLEO re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

39. The unconstitutional actions and/or omissions of Defendants TAYLOR, GATTO, YAMSUAN, and DOES 2–10, and others employed by or acting on behalf of Defendant TOWN, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the APD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy-making officials for Defendant TOWN and the APD:

   a. Failing to have safeguards in place—in the form of policies or training—that law-enforcement officers must, when investigating an ALPR hit, visually confirm the license plate number of the vehicle they are contemplating pulling over, or otherwise failing to have policies or training in place that law-enforcement officers use other resources, such as other officers, dispatchers, and databases, to confirm that a vehicle matches the APLR hit;

   b. Allowing its law-enforcement officers to develop the custom of failing to visually verify license-plate numbers and vehicle descriptions before performing law-enforcement actions on ALPR hits;

   c. Covering up violations of constitutional rights by any or all of the following:

      i. by failing to properly investigate and/or evaluate complaints or incidents involving the arrest of a person on an erroneous ALPR hit;

      ii. by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful law-enforcement activity; and,

      iii. by allowing, tolerating, and/or encouraging law-enforcement officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL    9
*Burkleo v. Town of Atherton, et al.*
Case No. 4:22-cv-02509-JST (NC)

information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful law enforcement conduct, by withholding and/or concealing material information;

    d. Failing to institute, maintain, or effectively administer an appropriate training regimen on subjects such as: conducting reasonable, adequate, and through investigations before setting into motion events that proximately will cause a high-risk felony stop;

    e. Failing to supervise and/or discipline officers or TOWN employees for negligent and/or reckless conduct that results in the violation of citizens' civil rights;

    f. Allowing, tolerating, and/or encouraging a "code of silence" among law enforcement officers and APD personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department;

    g. Using or tolerating inadequate, deficient, and/or improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 *et seq.*; and

    h. Failing to have and to enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or to correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a) through (g) above, with deliberate indifference to the rights and safety of Plaintiff BURKLEO and the public, in the face of an obvious need for such policies, procedures, and training programs.

40. In the alternative, upon information and belief, Defendant TOWN's APD may have instituted policies or training addressing some or all of the topics listed above, but have, either through negligence or deliberate indifference to citizens' rights, failed to properly oversee, enforce, and/or properly carry out such policies and/or training.

41. The unconstitutional actions and/or omissions of Defendants TAYLOR, GATTO,

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL   10
*Burkleo v. Town of Atherton, et al.*
Case No. 4:22-cv-02509-JST (NC)

YAMSUAN, and DOES 2–10, as described above, were approved, tolerated and/or ratified by Defendants DOES 11–20, supervisorial and policy-making officers for the TOWN's APD.

42. Plaintiff is informed and believes, and thereupon alleges, that the details of this incident have been revealed to Defendants DOES 11–20, authorized policy makers within the TOWN and the APD, and that such policy makers have direct and actual knowledge of the fact that the seizure of Plaintiff BURKLEO was not justified, but represented an unconstitutional seizure. Notwithstanding this knowledge, the authorized policymakers within Defendant TOWN and its APD have approved of the conduct by Defendants TAYLOR, GATTO, YAMSUAN, and DOES 2–10, and they have made a deliberate choice to endorse Defendants' unconstitutional conduct. By so doing, Defendants DOES 11–20, the authorized policy makers within Defendant TOWN and its APD, have shown affirmative agreement with the actions of Defendants TAYLOR, GATTO, YAMSUAN, and DOES 2–10, and they have ratified the unconstitutional acts of Defendants TAYLOR, GATTO, YAMSUAN, and DOES 2–10.

43. The aforementioned customs, policies, practices, and procedures; the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; as well as the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct of Defendants TAYLOR, GATTO, YAMSUAN, and DOES 2–10, were a moving force and/or a proximate cause of the deprivations of Plaintiff BURKLEO's clearly established and well-settled constitutional rights, as more fully set forth in ¶ 33, above.

44. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendant TOWN, as described above, Plaintiff BURKLEO suffered injuries, and is entitled to damages, penalties, costs, and attorneys' fees, as set forth above, in ¶ 31. Plaintiff does not seek punitive damages against Defendant TOWN.

//
//
//
//

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
*Burkleo v. Town of Atherton, et al.*
Case No. 4:22-cv-02509-JST (NC)

11

# THIRD CAUSE OF ACTION
## (42 U.S.C. § 1983 Supervisory Liability)
## <u>PLAINTIFFS AGAINST DEFENDANTS DOES 11–20</u>

45. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

46. At all material times, Defendants DOES 11–20 had the duty and responsibility to constitutionally hire, train, instruct, monitor, supervise, evaluate, investigate, staff, and discipline Defendants TAYLOR, GATTO, YAMSUAN, and DOES 2–10.

47. Defendants DOES 11–20 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline the employees of APD, including Defendants TAYLOR, GATTO, YAMSUAN, and DOES 2–10, with deliberate indifference to Plaintiff's and others' constitutional rights, which were thereby violated as described above.

48. As supervisors, Defendants DOES 11–20 each permitted and failed to prevent the unconstitutional acts of Defendants TAYLOR, GATTO, YAMSUAN, and DOES 2–10, and individuals under their supervision and control, and failed to properly supervise such individuals, with deliberate indifference to the rights of Plaintiff BURKLEO. Each of these supervising Defendants DOES 11–20 either directed his or her subordinates in conduct that violated Plaintiff BURKLEO's rights; OR set in motion a series of acts and omissions by his or her subordinates that the supervisor knew or reasonably should have known would deprive Plaintiff BURKLEO of his rights; OR knew his or her subordinates were engaging in acts likely to deprive Plaintiff BURKLEO of rights and failed to act to prevent his or her subordinate from engaging in such conduct; OR disregarded the consequence of a known or obvious training deficiency that he or she must have known would cause subordinates to violate Plaintiff BURKLEO's rights, and in fact did cause the violation of Plaintiff BURKLEO's rights. Furthermore, each of these supervising Defendants DOES 11–20 is liable in his or her own failure to intervene in their subordinates' apparent violations of Plaintiff's rights.

49. The unconstitutional customs, policies, practices, and/or procedures of Defendant TOWN

and its APD, stated herein, were directed, encouraged, allowed, and/or ratified by policymaking officers for Defendant TOWN and the APD, including Defendants DOES 11–20, with deliberate indifference to Plaintiff BURKLEO's and others' constitutional rights, which were thereby violated as described above.

50. The unconstitutional actions and or/omissions of Defendants GATTO, TAYLOR, YAMSUAN, and DOES 2–10, as described above, were approved, tolerated, and/or ratified by policymaking officers for the TOWN, including Defendants DOES 11–20. Plaintiff is informed and believes, and thereon alleges, that the details of this incident have been revealed to Defendants DOES 11–20, and that such Defendant policymakers have direct knowledge of the fact that the seizure of Plaintiff BURKLEO was not justified or necessary, but represented deliberate indifference, as set forth above. Notwithstanding this knowledge, on information and belief, Defendants DOES 11–20 have approved and ratified the conduct and decisions of Defendants GATTO, TAYLOR, YAMSUAN, and DOES 2–10 in this matter, and have made a deliberate choice to endorse such conduct and decisions, as well as the basis for them, which resulted in the unreasonable seizure of Plaintiff BURKLEO. By so doing, Defendants DOES 11–20 have shown affirmative agreement with the actions of Defendants GATTO, TAYLOR, YAMSUAN, and DOES 2–10, and have ratified the unconstitutional actions and omissions of these Defendants.

51. The aforementioned customs, policies, practices, and procedures; the failure to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and the unconstitutional orders, approvals, ratifications, and toleration of wrongful conduct of Defendants GATTO, TAYLOR, YAMSUAN, and DOES 2–10 were a moving force and/or a proximate cause of the deprivations of Plaintiff BURKLEO's clearly established and well-settled constitutional rights, as more fully set forth above.

52. Defendants DOES 11–20 subjected Plaintiff BURKLEO to their wrongful conduct, depriving Plaintiff BURKLEO of the rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff BURKLEO, and others, would be violated by their acts and/or omissions.

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
*Burkleo v. Town of Atherton, et al.*
Case No. 4:22-cv-02509-JST (NC)

13

53. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants DOES 11–20, as described above, Plaintiff BURKLEO sustained injuries and is entitled to damages, punitive damages, penalties, costs, and attorneys' fees as set forth above, at ¶ 31. Plaintiff BURKLEO does not seek punitive damages against the TOWN.

### FOURTH CAUSE OF ACTION
### (VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 – BANE ACT)
### PLAINTIFF AGAINST DEFENDANTS TAYLOR, GATTO, YAMSUAN, and DOES 2–10

54. Plaintiff BURKLEO re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

55. By their acts, omissions, customs, and policies, Defendants GATTO, TAYLOR, YAMSUAN, and DOES 2–10, acting in concert/conspiracy, as described above, interfered with, and/or attempted to interfere with, and violated Plaintiff BURKLEO's rights under California Civil Code § 52.1, and the following clearly established rights under the United States Constitution and the California Constitution:

   a. Plaintiff BURKLEO's right to be free from unreasonable searches and searches, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution;

   b. Plaintiff BURKLEO's right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness, and privacy, as secured by the California Constitution, Article 1, Section 1; and,

   c. Plaintiff BURKLEO's right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43.

56. Alternatively, or concurrently, the threat, intimidation, and coercion described herein was not necessary or inherent to Defendants' violation of Plaintiff BURKLEO's rights, nor to any legitimate law enforcement activity.

57. As explained more specifically in the paragraphs above, Defendants' conduct showed a

reckless disregard for Plaintiff's above-referenced state and federal constitutional rights.

58. Further, all of Defendants' violations of duties and rights and coercive conduct, described herein, were volitional acts; none were accidental or merely negligent.

59. Defendant TOWN is not sued directly in this cause of action, but is liable under California Government Code § 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employees' employment.

60. As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of Plaintiff BURKLEO's rights under the United States and California Constitutions and law, Plaintiff BURKLEO sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above, in ¶ 31, and to punitive damages against Defendants TAYLOR, GATTO, and DOES 1–10 in their individual capacities, including all damages allowed by California Civil Code §§ 52, 52.1, and California law, including costs, attorneys' fees, three times actual damages, and civil penalties. No punitive damages are sought against the TOWN directly.

**FIFTH CAUSE OF ACTION**
**(CAL. CONST., ART. I, § 13)**
**PLAINTIFF AGAINST DEFENDANTS TAYLOR, GATTO, YAMSUAN, and DOES 2–10**

61. Plaintiff BURKLEO re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

62. The unreasonable seizure and wrongful setting into motion of the chain of events that led to the seizure of Plaintiff BURKLEO violated his rights under Article I, § 13 of the California Constitution, thereby entitling Plaintiff BURKLEO to damages.

63. As a proximate result of the foregoing wrongful acts, Plaintiff BURKLEO sustained injuries and damages, as set forth above, in ¶ 31. Plaintiff BURKLEO is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

64. In committing the acts alleged above, Defendants acted maliciously and/or were guilty of

wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff BURKLEO, and by reason thereof, Plaintiff BURKLEO is entitled to exemplary and punitive damages against these individual defendants in an amount to be proven at trial. Plaintiff BURKLEO does not seek punitive damages against the TOWN.

65. Defendant TOWN is not sued directly in this cause of action, but is liable under California Government Code § 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employees' employment.

## SIXTH CAUSE OF ACTION
### (FALSE ARREST OR FALSE IMPRISONMENT)
**PLAINTIFF AGAINST DEFENDANTS TAYLOR, GATTO, YAMSUAN, AND DOES 2–10**

66. Plaintiff BURKLEO re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

67. At no time during the events described above, or at all other pertinent times, did Defendants have a warrant for Plaintiff BURKLEO's arrest, nor did Defendants have any facts or information constituting probable cause that Plaintiff BURKLEO had committed or was about to commit a crime.

68. Defendants TAYLOR, GATTO, YAMSUAN, and DOES 2–10, and each of them, intentionally and unlawfully exercised force to restrain, detain, and confine Plaintiff BURKLEO, putting restraint on Plaintiff BURKLEO's freedom of movement, and compelled Plaintiff BURKLEO to remain and/or move against his will. Defendants authorized, directed, and assisted in procuring, without process, Plaintiff BURKLEO's unlawful arrest.

69. Alternatively, Defendants, as described herein, unlawfully seized and detained Plaintiff BURKLEO without reasonable suspicion or other legal justification.

70. As a direct and proximate result of Defendants' acts and/or omissions as set forth above,

Plaintiff BURKLEO sustained injuries and damages and is entitled to relief as set forth at ¶ 31, including punitive damages against all individual Defendant law-enforcement officers. Plaintiff BURKLEO does not seek punitive damages against Defendant TOWN.

71. Defendant TOWN is liable, under California Government Code § 815.2, for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employees' employment.

**SEVENTH CAUSE OF ACTION**
**(NEGLIGENCE)**
**PLAINTIFF AGAINST DEFENDANTS TAYLOR, GATTO, YAMSUAN, AND DOES 2–30**

72. Plaintiff BURKLEO re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

73. At all material times, each Defendant owed Plaintiff BURKLEO the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

74. At all material times, each Defendant owed Plaintiff BURKLEO the duty to act with reasonable care. These general duties of reasonable care and due care owed to Plaintiff BURKLEO by Defendants TAYLOR, GATTO, YAMSUAN, AND DOES 2–30, include, but are not limited to, the following specific obligations:

    a. To use reasonable care to prevent harm to others, including members of the public with whom law-enforcement officers come into contact;

    b. To conduct a reasonable investigation before proximately causing a person to be seized, and before proximately causing person's vehicle to be seized in connection with the seizure of that person;

    c. To conduct a reasonable investigation before invoking the awesome power of arrest;

    d. To investigate, in order to confirm or dispel an ALPR hit that a certain vehicle is probably stolen before conducing a high-risk felony stop;

    e. To prevent innocent persons from being falsely seized;

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL   17
*Burkleo v. Town of Atherton, et al.*
Case No. 4:22-cv-02509-JST (NC)

f. To either follow one's training and experience—or seek and obtain the proper training or experience—concerning how to verify an ALPR hit;

g. To refrain from abusing their authority granted them by law; and,

h. To refrain from violating Plaintiff BURKLEO's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

75. Additionally, these general duties of reasonable care and due care owed to Plaintiff BURKLEO by Defendants DOES 11–20, include, but are not limited to, the following specific obligations:

a. To properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline their employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

b. To make, enforce, and at all times act in conformance with policies, training, and customs that are lawful and protective of individual rights, including Plaintiff BURKLEO's rights;

c. To refrain from making, enforcing, and/or tolerating the wrongful policies, training, and customs set forth at ¶ 39, above.

76. Defendants TAYLOR, GATTO, YAMSUAN, and DOES 2–20, through their acts and omissions, breached one, more, or all of the aforementioned duties owed to Plaintiff BURKLEO.

77. Defendant TOWN is vicariously liable, pursuant to California Government Code § 815.2.

78. As a direct and proximate result of the negligence of Defendants TAYLOR, GATTO, YAMSUAN, and DOES 2–20, Plaintiff BURKLEO sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above, at ¶ 30, and to punitive damages against Defendants TAYLOR, GATTO, YAMSUAN, and DOES 2–20. Plaintiff BURKLEO does not seek punitive damages against the TOWN.

# EIGHTH CAUSE OF ACTION
## (ASSAULT AND BATTERY)
### PLAINTIFF AGAINST DEFENDANTS TAYLOR, GATTO, YAMSUAN, AND DOES 2–10

79. Plaintiff BURKLEO re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

80. Defendants TAYLOR, GATTO, YAMSUAN, and DOES 2–10 assaulted Plaintiff BURKLEO by pointing guns at him, and battered Plaintiff BURKLEO by handcuffing him, all while Plaintiff BURKLEO was behaving lawfully. This conduct as described herein constitutes assault and battery.

81. The actions and omissions, customs, policies, and representations of Defendants, as described above, were intentional and reckless, harmful, threatening, and/or offensive, and a proximate cause of Plaintiff BURKLEO's damages.

82. As a direct and proximate result of these Defendants' assault and battery, Plaintiff BURKLEO sustained injuries and damages, and is entitled to relief as set forth above at ¶ 31, including punitive damages against Defendants TAYLOR, GATO, and DOES 1–10. Plaintiff does not seek punitive damages against Defendant TOWN.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff BURKLEO respectfully requests the following relief against each and every Defendant herein, jointly and severally:

    a.    Compensatory damages in an amount according to proof and which is fair, just, and reasonable;

    b.    Punitive damages against the individual Defendants, under 42 U.S.C. § 1983 and California law, in an amount according to proof and which is fair, just, and reasonable (punitive damages are not sought against Defendant TOWN);

    c.    For attorneys' fees and costs of suit under 42 U.S.C. § 1988;

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL   19
*Burkleo v. Town of Atherton, et al.*
Case No. 4:22-cv-02509-JST (NC)

|   |   |   |
|---|---|---|
| 1 | d. | For attorneys' fees and costs of suit under California Civil Code §§ 52 |
| 2 |    | (b)(3) and 52.1(h); |
| 3 | e. | All other damages, penalties, costs, interest, and attorneys' fees as allowed |
| 4 |    | by 42 U.S.C. §§ 1983 and 1988; California Code of Civil Procedure § |
| 5 |    | 1021.5; California Civil Code §§ 52 et seq. and 52.1; and as otherwise |
| 6 |    | may be allowed by California and/or federal law; |
| 7 | f. | Injunctive relief, including, but not limited to, the following: |
| 8 | i. | An order prohibiting Defendant TOWN and its law-enforcement officers from engaging in the unconstitutional customs, policies, practices, training, and supervision as may be determined and/or adjudged by this case; and, |
| 12 | g. | For such other and further relief as this Court may deem appropriate, just, or proper. |

## JURY TRIAL DEMAND

Plaintiff hereby respectfully demands a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure, for all claims for which a jury is permitted.

Dated: October 6, 2022                           Respectfully Submitted,

**HELM LAW OFFICE, PC**

By: T. KENNEDY HELM, IV
Attorney for Plaintiff,
MICHAEL BURKLEO, JR.