JEFFREY M. VUCINICH, ESQ.  BAR#: 67906
email: jvucinich@clappmoroney.com
J. CRUZ ZAVALA-GARCIA, ESQ.  BAR#: 332671
email: jzavala@clappmoroney.com
CLAPP, MORONEY, VUCINICH, BEEMAN and SCHELEY
A PROFESSIONAL CORPORATION
1111 Bayhill Drive, Suite 300
San Bruno, CA  94066
(650) 989-5400 (650) 989-5499 FAX

Attorneys for Defendant(s):
TOWN OF ATHERTON and TOWN OF ATHERTON POLICE OFFICERS
JEFFREY P. TAYLOR, JOSHUA GATTO, JOSE YAMSUAN.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON DAVID BURKLEO,<br><br>Plaintiff,<br><br>vs.<br><br>TOWN OF ATHERTON, a municipal corporation; Town of Atherton Police Officers, JEFFREY P. TAYLOR, JOSHUA GATTO, JOSE YAMSUAN, and DOES 2–20, Individually,<br><br>Defendants. | Case No. 4:22-cv-02509-JST<br><br>**DEFENDANT TOWN OF ATHERTON POLICE OFFICER JOSE YAMSUAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Complaint filed:  April 25, 2022<br><br>Trial date: December 4, 2023 |

Pursuant to ECF No. 29, filed on October 6, 2022, current defendants waive notice and service of the first amended complaint and shall not be required to answer the amendment, and that all denials, responses, and affirmative defenses contained in the answer filed by defendant to the original complaint (ECF No. 12) shall be responsive to the first amended complaint.

Defendant, TOWN OF ATHERTON POLICE OFFICER JOSE YAMSUAN, and DOES 2-20, Individually, in answer to the First Amended Complaint of plaintiff, JASON DAVID BURKLEO  herewith deny each and every, all and singular, the allegations of said complaint, and each alleged cause of action thereof, and in that connection, these Defendant(s) deny that plaintiffs

1
**DEFENDANT TOWN OF ATHERTON POLICE OFFICER JOSE YAMSUAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

have been injured or damaged in any of the sums mentioned in the complaint, or in any other amount, or at all, by reason of any act or omission of these Defendant(s).

## **AFFIRMATIVE DEFENSES**

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendant(s) allege that said complaint, and each alleged cause of action thereof, fails to state facts sufficient to constitute a cause of action against these answering Defendant(s).

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendant(s) are informed, believe, and thereon allege that Defendant(s) are entitled to qualified immunity because Defendant(s) did not violate any clearly established statutory or constitutional right if which a reasonable person would have been aware. (*Pearson v. Callahan,* 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009)).

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendant(s) are informed, believe, and thereon allege that Defendant(s)' employees are not liable for any alleged injuries sustained by plaintiff, as his alleged acts or omissions were committed in the execution or enforcement of the law, while exercising due care. (California Government Code §820.4)

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, Defendant is informed and believes and thereon alleges that Defendant's employees are not liable for any alleged injuries sustained by plaintiff, as their alleged acts were result of the discretion vested in them to carry out lawful duties. (California Government Code §820.2)

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, this answering Defendant TOWN OF ATHERTON is informed, believes, and thereon alleges that all immunities granted to public employees are thereby imputable to public entities via California Gov. Code §815.2(b) and other applicable federal and state statutes.

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendant(s) allege that the complaint and each alleged cause of action thereof, fails to state facts sufficient to constitute a cause of action in that said complaint, and each cause of action thereof, is barred by the applicable federal and state Statute of Limitations

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendant(s) are informed, believe, and based thereon allege that Plaintiff is barred from asserting any causes of action against answering Defendant(s) by the Doctrine of Waiver.

AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendant(s) are informed, believe, and based thereon allege that due to their own affirmative conduct, Plaintiff is estopped from asserting any cause of action against answering Defendant(s) by the Doctrine of Estoppel.

AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendant(s) are informed, believe, and based thereon allege that Plaintiff waited for an unreasonable period before making any claim against this answering Defendant(s) to the prejudice of answering Defendant(s). Plaintiff is therefore barred from recovery by the Doctrine of Laches.

AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendant(s) are informed, believe, and based thereon allege that the Plaintiff lack standing to sue in this action.

AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendant(s) are informed, believe, and based thereon allege that Plaintiff had knowledge of, appreciated and voluntarily assumed, the risks incident to those matters and happenings alleged in said complaint. The damages, if any, alleged by Plaintiff were caused and arose out of such risks

1  so voluntarily assumed.

2  AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendant(s) are informed, believe, and thereon allege that Plaintiff was in violation of statute, and that this violation proximately caused such injuries as alleged by Plaintiff, if any there were.

AS A THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendant(s) are informed, believe, and thereon allege that actions taken were undertaken in good faith and with the reasonable belief that said actions were valid, necessary, and constitutionally proper.

AS A FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendant(s) are informed, believe, and thereon allege that Plaintiff, with full appreciation of the particular risks involved, nevertheless knowingly and voluntarily assumed the risks and hazards of the incident complained of and the damages, if any, resulting therefrom.

AS A FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendant(s) alleges that Plaintiff has failed to allege and/or has not stated facts sufficient to show an affirmative link between Defendant(s), separately or as a whole, and the acts which allegedly violated Plaintiff's rights.

AS A SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, there answering Defendant(s) are informed, believe, and thereon allege that the use of force by Defendant(s) was objectively reasonable given the totality of the circumstances involved.

AS A SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendant(s) allege that Plaintiff at all times had actual and/or constructive knowledge

**DEFENDANT TOWN OF ATHERTON POLICE OFFICER JOSE YAMSUAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

of the circumstances upon which Plaintiff's Complaint is based. Plaintiff expressly accepted those circumstances and thereby consented to the conduct of which Plaintiff complains.

AS AN EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendant(s) are informed, believe, and thereon allege that Defendant(s)' conduct was not motivated by evil motive or intent, nor reckless or callous indifference to the rights of others and thus damages, including but not limited to punitive damages, are not awardable against Defendant(s).

AS A NINTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendant(s) allege that Plaintiff was himself careless and negligent in and about the matters alleged in the complaint, and each alleged cause of action thereof, and that this carelessness and negligence on said Plaintiff's own part proximately contributed to the happening of the loss and damages complained of, if any there were. Under the doctrine of comparative negligence, Plaintiff's own comparative negligence shall reduce any and all damages sustained by said Plaintiff.

AS A TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendant(s) allege that said damages sustained by Plaintiff was either wholly or in part the fault of others, whether that fault be the proximate result of negligence, strict liability, breach of contract or any other type of fault caused by persons, firms, corporations or entities other than these answering Defendant(s) and said negligence or fault comparatively reduces the percentage of fault or negligence, if any, by these answering Defendant(s).

AS A TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendant(s) alleges that plaintiff failed to properly mitigate their damages, if any.

AS A TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendant(s) are informed, believe, and based thereon allege that all acts of this answering Defendant(s) were justified and carried out accordingly and within their rights under the

law.

AS A TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendant(s) are informed, believe, and thereon allege that Defendant(s) had reasonable suspicion based on articulable facts to stop and detain Plaintiff.

AS A TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendant(s) are informed, believe, and thereon allege that Defendant(s) had probable cause, based on a reasonable basis that a crime had been committed to conduct a detention and search of the Plaintiff and his vehicle.

AS A TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendant(s) are informed, believe, and thereon allege that Defendant TOWN OF ATHERTON, a public entity, did not commit a constitutional violation against plaintiff, caused by a policy, custom, or practice.

AS A TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendant(s) are informed, believe, and thereon allege that Plaintiff was not sufficiently harmed as a result of Defendant(s)' acts, either separately or as a whole, to constitute civil liability, or in the alternate, that harm was so minimal as to negate elements of Plaintiff's cause of action, thereby rendering it null.

AS AN TWENTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendant(s) presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, yet unstated, defenses available. Defendant(s) reserves the right to assert additional defenses in the event discovery indicates that they would be appropriate.

///

///

**DEFENDANT TOWN OF ATHERTON POLICE OFFICER JOSE YAMSUAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

WHEREFORE, these answering Defendant(s) prays that Plaintiff takes nothing by way of their unverified complaint, that Defendant(s) have judgment for their costs of suit incurred, herein, together with such other and further relief as the court may deem just and proper.

Dated: October 26, 2022

CLAPP, MORONEY, VUCINICH, BEEMAN and SCHELEY

By: /s/: Jeffrey M. Vucinich

JEFFREY M. VUCINICH, ESQ.
J. CRUZ ZAVALA-GARCIA, ESQ.
Attorneys for Defendant
TOWN OF ATHERTON, a municipal corporation, TOWN OF ATHERTON POLICE OFFICERS JEFFREY P. TAYLOR, JOSHUA GATTO, and JOSE YAMSUAN